February 20, 1939


Hon. William C. McDonald
County Attorney
Coke County
Robert Lee, Texas

Dear Mr. McDonald:

Opinion No. O-172
Re: Investing county permanent
school funds in county bonds

This is in answer to your letter of January 15,
1939. In that letter you ask for an opinion on the fol-
lowing question:

"May the Commissioners' Court of Coke
County use money belonging to the County's
permanent school fund to buy Coke County bonds,
to-wit, bonds in the sum of $25,000.00 voted
in Precinct No. 1, for road purposes?"

The permanent school fund is provided for in
Sections 2 and 6 of Article VII of the Constitution of
Texas. Section 2, Art. VII, reads as follows:

"All funds, lands and other property
heretofore set apart and appropriated for the
support of public schools; all the alternate
sections of land reserved by the State out of
grants heretofore made or that may hereafter
be made to railroads or other corporations of
any nature whatsoever; one-half of the public
domain of the State; and all sums of money
that may come to the State from the sale of
any portion of the same, shall constitute a
perpetual public school fund."

Sec. 6, Art. VII, reads in part as follows:

"All lands heretofore, or hereafter
granted to the several counties of this State

for educational purposes, are of right the
property of said counties respectively, to
which they were granted, and title thereto
is vested in said counties, and no adverse
possession or limitation shall ever be avail-
able against the title of any county. Each
county may sell or dispose of its lands in
whole or in part, in manner to be provided
by the Commissioners' Court of the county . . .
said lands, and the proceeds thereof, when sold,
shall be held by said counties alone as a trust
for the benefit of public schools therein; said
proceeds to be invested in bonds of the United
States, the State of Texas, or counties in
said state, or in such other securities, and
under such restrictions as may be prescribed
by law; and the counties shall be responsible
for all investments; the interest thereon, and
other revenue, except the principal shall be
available fund."

This last quoted provision of the Constitu-
tion, Sec. 6, Art. VII, was adopted as an amendment in
1883. In the case of Boydstun v. Rockwall County, 86 Tex.
234, 24 S. W. 272, which concerned only the investment of
a County's permanent school fund in the bonds of another
county, the Supreme Court of Texas commented on this pro-
vision of the Constitution as follows:

"We are of opinion, therefore, that the
amended section was intended to confer authori-
ty upon these courts to invest the fund in
county bonds. 'Under such other restrictions
as may be prescribed by law' means that the
legislature might throw restrictions around the
investment, and not that it was bound to do so
before the power could be exercised."

The language of Sec. 6, Art. VII, is plain and
unambiguous. It says that the proceeds from the sale of
school lands, which is permanent school fund money, are
"to be invested in lands of . . . counties in said state. . .
under such restrictions as may be prescribed by law". That
language clearly means that a county may invest its permanent

school fund in the bonds of any and all counties of the
State, unless (as stated in Boydstun v. Rockwall County,
supra) the Legislature has thrown restrictions around the
investment. The only language that we can find in the
statutes wherein the legislature has said how and where
this money shall be invested is Article 2824 of the Re-
vised Civil Statutes of Texas, which says:

> "Each county may sell or dispose of the
> lands granted to it for educational purposes
> in such manner as may be provided by the Com-
> missioners' court of such county, and the pro-
> ceeds of any such sale shall be invested in
> bonds of the United States, the State of Texas,
> the bonds of the counties of the State, and the
> independent or common school districts, road
> precinct, drainage, irrigation, navigation and
> levee districts in this State, and the bonds
> of incorporated cities and towns, and held by
> such county alone as a trust for the benefit
> of public free schools therein, only the inter-
> est thereon to be used and expended annually."

This statute reiterates that this money shall be invested
in certain bonds, including "the bonds of the counties
of the State". This is certainly no restriction or limi-
tation as to what county bonds may be bought. We believe
a county has a right to invest this money in its own
bonds as much as it has the right to invest it in bonds
of other counties.

In giving this opinion we are confronted with
the statement in 37 Tex. Jur. 861, as follows:

> "When the proceeds of the sale of county
> lands are received by the commissioners' court
> it is the duty of the court thereafter to in-
> vest the same as directed by the Constitution.
> It is provided (art.7, sec. 6), that the pro-
> ceeds shall 'be invested in bonds of the United
> States, the State of Texas, or counties in said
> State, or in such other securities, and under
> such restrictions as may be prescribed by law;
> and the counties shall be responsible for all
> investments; the interest thereon, and other
> revenue, except the principal shall be available
> fund.' Authority to invest the proceeds should
> be exercised by the commissioners' court . . .

> "A county has no power to invest the pro-
> ceeds in its own bonds."

The only authority cited for this last sentence is the case of Commanche County v. Burks, (Tex. Civ. App.) 166 S. W. 471; but in our opinion that case does not support such a statement. In the case of Commanche County v. Burks, supra, the right of the Commanche County Commissioners' Court to invest the Commanche County permanent school fund in certain Commanche County bonds was attacked, and the Court of Civil Appeals held that the bonds were "invalid . . . for want of any authority for their issuance"; and as we understand it the court held that it was improper for the Commissioners to invest the county's permanent school fund in these invalid bonds or any other invalid bonds because of the fact of their invalidity. Therefore, we do not think that the case of Commanche County v. Burks, supra, is authority for the above quoted statement in Texas Jurisprudence, and we believe the last quoted sentence is wrong.

Our answer to your question is that the Commissioners' Court of Coke County may use money belonging to the County's permanent school fund to buy Coke County bonds, provided, of course, that such bonds were properly issued and are valid bonds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Rotsch*

Cecil C. Rotsch
Assistant

CCR:BT

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS